**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NORTH CAROLINA**
**WESTERN DIVISION**
**Case No.: 5:18-cv-00463-D**

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| and | ) ) | |
| MATTHEW ELLIOTT, | ) ) ) | **CONSENT DECREE** |
| Plaintiff-Intervenor | ) ) | |
| v. | ) ) | |
| SOFTPRO, LLC, | ) ) | |
| Defendant. | ) ) | |

The Equal Employment Opportunity Commission (the "Commission") instituted this

action pursuant to Section 107(a) of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §

12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil

Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3), and Section 102 of the Civil

Rights Act of 1991, 42 U.S.C. § 1981a, and pursuant to Section 102 of the Civil Rights Act of

1991, 42 U.S.C. § 1981a. The Commission's Complaint alleged that Defendant SoftPro, LLC

("Defendant") discharged Matthew Elliott ("Elliott") on the basis of perceived disability and/or

record of disability in violation of the ADA.

Thereafter, Elliott intervened, through counsel, in the above-captioned action. Elliott's

Complaint in Intervention is materially identical to the Commission's Complaint except in that it

includes additional demands for relief for attorney's fees and costs.

Defendant denies the allegations of the Complaint and Complaint in Intervention, and neither this Decree nor any obligations under this Decree shall be deemed or construed as an admission by Defendant of any liability or unlawful conduct. Likewise, the Commission does not disavow the allegations in its Complaint, and the Plaintiff-Intervenor does not disavow the Complaint in Intervention.

The Commission, Elliott, and Defendant hereby stipulate to jurisdiction of this Court over the parties and agree that the subject matter of this action is properly before the Court.

The parties have advised this Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation.

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the parties and the subject matter of this action; (2) the purpose and provisions of the ADA will be promoted and effectuated by the entry of the Consent Decree; and (3) this Consent Decree resolves all matters in controversy between the parties as provided in paragraphs 1 through 18 below.

It is therefore ORDERED, ADJUDGED AND DECREED as follows:

1.    Defendant shall not discriminate against any person on the basis of disability, a record of disability, perceived disability, or any other protected category within the meaning of the ADA.

2.    Defendant shall not discriminate or retaliate against any person because of opposition to any practice made unlawful under the ADA or because of the filing of a charge, the giving of testimony or assistance, or the participation in any investigation, proceeding or hearing under this statute.

2

3.  Defendant shall not adopt or impose qualification standards that exclude individuals from employment who are currently participating in or who have successfully completed drug rehabilitation or substance use treatment, including medication assisted treatment programs.

4.  Defendant shall pay Elliott the total sum of Eighty Thousand Dollars and No Cents ($80,000.00) in settlement of the claims raised in this action. Defendant shall make payment by issuing checks as follows:

(A)  A check in the amount of Twenty-Five Thousand Eight Hundred and Ninety-Four Dollars ($25,894.00), less applicable taxes and withholdings, payable to Matthew Elliott for claims related to lost wages (reported on an IRS Form W-2);

(B)  A check in the amount of Forty-Six Thousand and One Hundred and Six Dollars ($46,106.00) payable to Matthew Elliott for claims related to his compensatory damages (reported on an IRS Form 1099); and

(C)  A check in the amount of Eight Thousand ($8,000) payable to Monteith Law for attorney's fees and costs.

Defendant shall make payment within twenty-one (21) days after the Court approves this Consent Decree, and Defendant shall mail the checks to Elliott c/o Charles Monteith, Esq., Plaintiff-Intervenor Counsel, Monteith Law, PLLC, 9121 Anson Way, Suite 200, Raleigh, NC 27615. Within ten (10) days after the checks have been sent, Defendant shall send to the Commission a copy of the check and proof of its delivery to Elliott c/o Plaintiff-Intervenor Counsel. Neither the Commission nor Defendant make any representation, or assume any responsibility for any tax liability, assessments, interest, penalties and/or costs that Elliott may or may not incur on such payments under local, state and/or federal law.

5.  Within fifteen (15) days of the entry of this Consent Decree by the Court, Defendant shall eliminate from Elliott's personnel file all documents related to Elliott's termination and all documents or references to EEOC Charge Number 433-2017-03082 and the related events that

3

occurred thereafter, including this litigation. Within ten (10) days of the entry of this Consent Decree by the Court, Defendant shall change all references in its personnel records for Elliott from "involuntary/violation of company policy" to "voluntary/other job." Within fifteen (15) days of the entry of this Consent Decree by the Court, Defendant shall report compliance with this provision to the Commission.

6.     Defendant shall provide Elliott with a neutral letter of reference using the form attached hereto as Exhibit A. Within fifteen (15) days of the entry of this Consent Decree by the Court, the original, signed letter of reference shall be provided to Elliott c/o Charles Monteith, Esq., Monteith Law, PLLC, 9121 Anson Way, Suite 200, Raleigh, NC 27615. Elliott is free to disseminate the letter to potential employers. Defendant agrees that if it receives any inquiry about Elliott from a potential employer, it will provide only Elliott's dates of employment, final position, and final rate of pay.

7.     Within one hundred and twenty (120) days of the entry of this Consent Decree by the Court, Defendant shall revise, implement, and distribute to all current employees its "Alcohol and Drug Policy" and "Americans with Disabilities Act Compliance Policy." The revised policies shall include but not be limited to the following:

(A) An explanation of the ADA and its prohibition against discrimination based on disability, record of disability, and perceived disability. The explanation shall include autism, cancer, diabetes, epilepsy, multiple sclerosis, major depressive disorder, and a record of substance use disorder as examples of physical and mental impairments as likely "disabilities" under the ADA. It shall further explain that individuals with a "record of substance use disorder" includes individuals currently participating in or who have successfully completed a drug rehabilitation program or treatment for substance use disorder, such as medication assisted treatment programs.

(B) A statement that Defendant does not exclude employees from employment based on the employee's use of legally-obtained prescription medication in a lawfully-prescribed manner while participating in a medication assisted treatment program.

(C) A statement that Defendant provides reasonable accommodations for employees with

4

disabilities.

(D) A statement that Defendant will not take adverse employment action against employees based on disability and without first conducting an individualized assessment to determine whether the individual can perform the essential functions of her/his position with or without reasonable accommodation.

(E) A statement that Defendant will solicit a medical opinion from an employee's treating medical professional regarding the employee's ability to perform the essential functions of her/his position with or without reasonable accommodation if necessary to conduct the individualized assessment.

Defendant shall distribute the revised policies to employees no later than one hundred and twenty (120) days after the Court's entry of this Consent Decree. Defendant shall report compliance to the Commission within fifteen (15) days of distribution of the revised policies and no later than 135 days after entry of this Consent Decree. During the term of this Consent Decree, Defendant shall distribute the policies to all new employees at the time of hire.

8.      During the term of this Consent Decree, Defendant shall post a copy of the policies described in paragraph 7, above, in its Raleigh office in a place where they are visible to employees and post said policies on its intranet. If one or both of the policies becomes defaced or unreadable, Defendant shall replace the affected policy(ies) by posting another copy of the policy(ies). Within one hundred and twenty (120) days after the Consent Decree is entered, Defendant will post the policies and will notify the Commission that they have been posted.

9.      During the term of this Consent Decree, Defendant shall provide an annual training program to all managers, supervisors, Defendant's Human Resources team, and employees. Each training program shall include an explanation of the requirements of the ADA, its prohibition against disability-based discrimination and retaliation in the workplace. Each training program shall also include an explanation of Defendant's policies referenced in paragraph 7 above, and an explanation of the rights and responsibilities of employees and managers under the policies.

5

The first training program shall be completed within one hundred and twenty (120) days after entry of this Consent Decree by the Court. Each subsequent training program shall be conducted at approximately one-year intervals. At least fifteen (15) days prior to each program, Defendant shall submit to the Commission an agenda for the training program by electronic mail sent to EEOC-CTDO-decree-monitoring@eeoc.gov. Defendant should presume that the agenda is approved unless contacted by the Commission regarding the agenda within five (5) days of submission of the agenda. Within ten (10) days after completion of each training program, Defendant shall certify to the Commission the specific training which was undertaken and shall provide the Commission with a roster of all employees in attendance.

10. Beginning within thirty (30) days after the entry of this Consent Decree by the Court, and continuing throughout the term of this Consent Decree, Defendant shall conspicuously post in the Raleigh office the attached Employee Notice, marked Exhibit B, hereby made a part of this Consent Decree, in a place where it is visible to employees. If the Notice becomes defaced or unreadable, Defendant shall replace it by posting another copy of the Notice. Within forty-five (45) days after entry of this Consent Decree, Defendant shall notify the Commission that the Notice has been posted pursuant to this provision.

11. During the term of this Consent Decree, Defendant shall provide the Commission with reports at six (6) month intervals, with the first being due four (4) months after approval by the Court of this Consent Decree. The reports will include the following information:

(A) Each employee for whom Defendant has or obtains knowledge of the individual's record of substance use disorder, successful completion of drug rehabilitation or substance use treatment, or current participation in drug rehabilitation or substance use treatment including medication assisted treatment programs. The report shall include by way of identification each employee's name, address, telephone number, and position held.

(B) For each individual identified in response to 12.A above a description of the information Defendant discovered and how Defendant came to learn the information.

6

and

(C) For each employee identified in 12.A above, explain whether the individual's employment status has changed in any respect in the last six (6) month period (for example, including but not limited to, termination, firing, demotion, promotion, or to part-time from full-time) and provide a detailed statement explaining why the individual's employment status has changed.

Defendant shall provide the social security number of an individual identified in response to 11.A. within seventy-two (72) hours of a request by the Commission. In the event there is no activity to report pursuant to this paragraph, Defendant shall send the Commission a "negative" report indicating no activity.

12.     The Commission may review compliance with this Consent Decree. As part of such review, the Commission may inspect Defendant's facilities, interview employees and examine and copy documents upon seventy-two (72) hours' notice. Provided, however, that the Commission does not have to provide notice to inspect for the postings required by this Consent Decree.

13.     If anytime during the term of this Consent Decree, the Commission believes that Defendant is in violation of the Consent Decree, the Commission shall give notice of the alleged violation to Defendant. Defendant shall have ten (10) days in which to investigate and respond to the allegations. Thereafter, the parties shall then have a period of ten (10) days or such additional period as may be agreed upon by them, in which to engage in negotiation regarding such allegations before the Commission exercises any remedy provided by law.

14.     The term of this Consent Decree shall be for three (3) years from its entry by the Court.

15.     All notices to Defendant by the Commission pursuant to this Consent Decree shall be sent by electronic mail to: Kelly Feese, Senior VP Employment Counsel at

7

Kelly.Feese@fnf.com. If at any time during the term of this Consent Decree Defendant's designated point of contact changes, Defendant shall notify the Commission and provide the name, job title, and electronic mail address for a new designated point of contact within ten (10) days of the change.

16.    All reports or other documents sent to the Commission by Defendant pursuant to this Consent Decree shall be sent by electronic mail to: (1) EEOC-CTDO-decree-monitoring@eeoc.gov; or (2) if by regular mail to - Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity Commission, 129 West Trade Street, Suite 400, Charlotte, NC 28202.

17.    The Parties shall each bear their own costs and attorney's fees.

18.    This Court shall retain jurisdiction of this cause for purposes of monitoring compliance with this Decree and entry of such further orders as may be necessary or appropriate.


_____8/20/19_____                          ____4__Deve_____
Date                                        JAMES C. DEVER III
                                            United States District Judge


The parties jointly request that the Court approve and enter the Consent Decree:

| EQUAL EMPLOYMENT | /s/ J. Allen Thomas |
|---|---|
| OPPORTUNITY COMMISSION | Kevin S. Joyner (N.C. Bar No. 25605) |
| | J. Allen Thomas (N.C. Bar No. 40119) |
| SHARON FAST GUSTAFSON | OGLETREE, DEAKINS, NASH, SMOAK & |
| General Counsel | STEWART, P.C. |
| | 4608 Six Forks Road, Suite 1100 |
| JAMES L. LEE | Raleigh, North Carolina 27609 |
| Deputy General Counsel | Telephone: (919) 787-9700 |
| | Fax: (919)-783-9412 |
| GWENDOLYN YOUNG REAMS | Email: kevin.joyner@ogletree.com |
| Associate General Counsel | Email: allen.thomas@ogletree.com |
| 131 M Street, NE | *Attorneys for Defendant* |
| Washington, D.C. 20507 | |

8

/s/ Lynette A. Barnes
LYNETTE A. BARNES
Regional Attorney
Charlotte District Office

YLDA M. KOPKA
Supervisory Trial Attorney
Charlotte District Office

/s/ Holly Stiles
Holly Stiles
Trial Attorney
Raleigh Area Office
434 Fayetteville Street, Suite 700
Raleigh, NC 27601
Telephone: (919) 856-4148
Fax: (919) 856-4156
Email:  holly.stiles@eeoc.gov
N.C. State Bar No. 38930
*Attorneys for Plaintiff*


/s/ Charles E. Monteith
Charles E. Monteith, Jr.
Monteith Law, PLLC
9121 Anson Way, Suite 200
Raleigh, NC 27615
Email: charles@monteithlawnc.com
N.C. State Bar No. 9368
*Attorney for Plaintiff-Intervenor*

9

**Exhibit A**

[Defendant's letterhead]

[Date]

TO WHOM IT MAY CONCERN:

We are pleased to provide the following reference on behalf of our former employee, Matthew Elliott.

Mr. Elliott was a temporary, contract worker for SoftPro, LLC from July 2015 to February 2016. Mr. Elliott was employed by SoftPro, LLC from February 2016 until February 2017. During his tenure with us, Mr. Elliott held the position of Support Analyst. At the end of his employment with us, Elliott's hourly rate was $26.75 per hour.

We hope that this information about Mr. Elliott is helpful to you in considering him for employment.

Sincerely,


[Name]
[Title], SoftPro, LLC

**Exhibit B**



# EMPLOYEE
# NOTICE

1.   This Notice is posted pursuant to a settlement between the U.S. Equal Employment Opportunity Commission and SoftPro, LLC ("SoftPro") in a case of discrimination based on disability brought under Title I of the Americans with Disabilities Act of 1990 (the "ADA"). As part of the settlement, SoftPro agreed to take actions set out in the Consent Decree resolving this matter.

2.   Federal law requires that employers not discriminate against any employee or applicant for employment because of the individual's disability, race, color, religion, sex, or national origin, age (40 or older). Federal law also requires that employers provide reasonable accommodation to qualified individuals with a disability or a record of disability.  Federal law prohibits retaliation against employees because they have opposed unlawful employment discrimination, or because they gave testimony or assistance in or participated in an employment discrimination investigation, proceeding, or hearing, or otherwise asserted their rights under the laws enforced by the U.S. Equal Employment Opportunity Commission.

3.   SoftPro will comply with such federal laws in all respects. Furthermore, SoftPro will not take any actions against employees because they have exercised their rights, reported an alleged violation under the law or given testimony, assistance or participation in any investigation, proceeding or hearing conducted by the U.S. Equal Employment Opportunity Commission.

An employee has the right, and is encouraged to exercise that right, to report allegations of employment discrimination in the workplace.  An employee may contact their local EEOC field office for the purpose of filing a charge of employment discrimination.  To locate the nearest field office, go to www.eeoc.gov/field or contact:

Equal Employment Opportunity Commission
131 M. Street, N.E.
Washington, DC 20507
TEL: 1-800-669-4000
TTY: 1-800-669-6820

11

This Notice will remain posted for at least three (3) years by agreement with the U.S. Equal Employment Opportunity Commission. DO NOT REMOVE THIS NOTICE UNTIL: August 16, 2022.